# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL GONZALEZ,<br><br>                                 Petitioner,<br>v.<br>RAYMOND MADDEN, Warden,<br>                                Respondent. | Case No.: 19-CV-2326-GPC-(WVG)<br><br>**REPORT AND RECOMMENDATION ON MOTION TO DISMISS**<br><br>**[Doc. No. 7]** |

On December 5, 2019, Petitioner Daniel Gonzalez filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Respondent has moved to dismiss based on the running of the statute of limitations. The matter is before the undersigned Magistrate Judge for preparation of a Report and Recommendation. For the reasons stated below, the Court RECOMMENDS that Respondent's motion to dismiss be DENIED.

## I. BACKGROUND

On June 18, 2015, a jury found Petitioner guilty of second-degree murder and assault with a deadly weapon, a firearm. The court sentenced him to 40 years to life plus seven years, including a 25 years-to-life "firearm enhancement" under California Penal Code § 12022.53, which was amended, effective January 1, 2018, to allow courts "in the interest

of justice and at the time of sentencing or resentencing, to strike or dismiss [a gun use] enhancement otherwise required to be imposed by [section 12022.53]." Cal. Penal Code § 12022.53(h).

Petitioner filed a direct appeal of his sentence with the California Court of Appeal. He argued, in part, that the 2018 amendment of section 12022.53 applied retroactively, thereby providing the trial court discretion to strike or dismiss the 25 years-to-life firearm enhancement that was applied to his sentences.

On March 28, 2018, the California Court of Appeal issued an initial opinion affirming the judgment and holding that remand for resentencing was not necessary. Although the court agreed that the section 12022.53 amendment applied retroactively to all nonfinal judgments, it found remand is not required if the record shows a trial court would not have exercised its discretion to lessen the sentence, even if it had known it had that discretion. The court found remand for resentencing in this case was not necessary because "the record clearly shows the court would not exercise its new discretion . . . to strike or dismiss the section 12022.53 enhancement if we were to remand the matter for resentencing." (Doc. No. 5-7 at 70.)

However, on April 20, 2018, the California Court of Appeal issued an order modifying the aforementioned opinion. It concluded the record did *not* clearly indicate that the trial court would have declined to strike or dismiss the section 12022.53(h) firearm enhancement if it had the discretion to do so. Therefore, the court held the appropriate remedy was to remand for resentencing. Specifically, the Court of Appeal held:

> Based on our reasoning *post*, we remand the matter for resentencing Gonzalez to allow the trial court to consider whether to exercise its discretion to strike the section 12022.53, subdivision (h) enhancement under section 1385. In all other respects, the judgments are affirmed.
>
> . . . .
>
> Gonzalez argues that because section 12022.53, subdivision (h), applies retroactively to his nonfinal judgment, the matter should be remanded for resentencing to allow the trial court to decide whether to exercise its discretion

thereunder to strike or dismiss the 25-year-to-life section 12022.53 firearm enhancement that it originally imposed on him pursuant to former section 12022.53. We agree.

"'Defendants are entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court. [Citations.] A court which is unaware of the scope of its discretionary powers can no more exercise that "informed discretion" than one whose sentence is or may have been based on misinformation regarding a material aspect of a defendant's record.' [Citation.] In such circumstances, we have held that the appropriate remedy is to remand for resentencing unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.'" (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.)

In this case, the record does not clearly indicate the trial court would have declined to strike or dismiss the section 12022.53, subdivision (h), firearm enhancement if it had the discretion to do so at the time of Gonzalez's sentencing. Although the court expressed its concern regarding his criminal history, his "senseless" shooting of Crook, and his use of a gun while he (Gonzalez) was out on bail on a previous gun charge, the court nevertheless exercised its sentencing discretion to impose a lower two-year term for his count 2 conviction for assault with a deadly weapon rather than the upper four-year term recommended by the probation department. The court explained that it did not "think that [it] is quite fair" to impose on Gonzalez, as an aider and abettor of that offense, an upper four-year term when the probation department recommended only a lower two-year term for Chavez, who was the actual perpetrator of that offense. Contrary to the People's assertion, the court therefore did not impose the maximum sentence allowed under the law.

Furthermore, the record does not contain any statement by the trial court indicating that it would have imposed the section 12022.53, subdivision (h), enhancement even if it had the discretion to strike or dismiss that enhancement at the time of Gonzalez's sentencing. In *People v. Gutierrez* (1996) 48 Cal.App.4th 1894 (*Gutierrez*), cited by the People, the trial court indicated that it would not have exercised its discretion to impose a lesser sentence even if it had the discretion to do so. First, the court imposed an upper term for the defendant's robbery conviction. (*Id.* at p. 1896.) Second, noting that the defendant was "'the kind of individual the law was intended to keep off the street as long as possible,'" the court chose not to strike either of two section 667.5, subdivision (b), enhancements. (*Ibid.*) Because the trial

3

court imposed the maximum sentence on the defendant, *Gutierrez* concluded "no purpose would be served in remanding" for resentencing to allow the court to exercise its new discretion to strike or dismiss the three strikes allegation under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497. (*Gutierrez*, at p. 1896.)

Unlike the trial court in *Gutierrez*, the trial court in this case did not impose on Gonzalez the maximum sentence possible and, in particular, imposed a lower two-year term for his count 2 conviction for assault with a deadly weapon. Also unlike the trial court in *Gutierrez*, the court in this case did not state that Gonzalez should be "[kept] off the street as long as possible" or make any other statement clearly indicating that it would not have exercised discretion to strike or dismiss the section 12022.53, subdivision (h), enhancement even if it had the discretion to do so at the time of Gonzalez's sentencing. (*Gutierrez*, *supra*, 48 Cal.App.4th at p. 1896.) Absent such a clear indication, the appropriate remedy is to remand for resentencing to allow the trial court to consider whether to exercise its discretion to strike or dismiss the section 12022.53, subdivision (h), enhancement under section 1385. (*People v. Gutierrez*, *supra*, 58 Cal.4th at p. 1391.) We express no opinion regarding how the trial court should exercise its discretion under section 12022.53, subdivision (h).

. . . .

Gonzalez's sentence is vacated and the matter is remanded for resentencing for the limited purpose of allowing the trial court to consider whether the section 12022.53, subdivision (h), enhancement should be stricken or dismissed under section 1385. The trial court is directed to issue a new minute order and an amended abstract of judgment after such resentencing to reflect the correct consecutive two-year term imposed for count 2 and whether it strikes or dismisses, or imposes, the section 12022.53, subdivision (h) enhancement. The court shall forward the amended abstract of judgment to the Department of Corrections and Rehabilitation. In all other respects, the judgments are affirmed.

(Order Modifying Opinion and Denying Rehearing Change in Judgment, Doc. No. 6-1 at 4-7; *see also People v. Chavez*, No. D069533, 2018 Cal. App. LEXIS 358 (Cal. Ct. App. Apr. 20, 2018).)

In accordance with the modified opinion, the superior court held a resentencing hearing. Before the hearing, Petitioner filed a motion to dismiss the section 12022.53

4

19-CV-2326-GPC-(WVG)

1 firearm enhancement ("motion to reduce sentence"), and Respondent filed a Statement in
2 Aggravation.

3 After receiving briefing and holding an oral argument hearing, the superior court
4 denied Petitioner's motion to reduce his sentence on December 7, 2018. The present
5 Petition was filed on December 5, 2019. Respondent now moves to dismiss the Petition
6 on the basis that it is untimely.

## II. LEGAL STANDARD

28 U.S.C. § 2244 mandates a one-year statute of limitations within which an inmate must file a federal habeas corpus petition, subject to tolling provisions and certain exceptions. It states:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

## III. DISCUSSION

The parties disagree on the date from which the one-year statute of limitations began to run. Petitioner contends the statute of limitations began to run on December 7, 2018,

when the superior court issued its minute order denying Petitioner's motion to reduce his sentence. Respondent contends it began to run on September 25, 2018,[1] ninety days after Petitioner's direct appeal matter was decided. Petitioner is correct.

**A.     The Statute of Limitations Was Tolled.**

28 U.S.C. § 2244(d) provides that the "time during which a properly filed application for State post-conviction or collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year statute of limitations period for a writ of habeas corpus. The Supreme Court defines "collateral review" as "a form of review that is not part of the direct appeal process." *Wall v. Kholi*, 562 U.S. 545, 552 (2011).

The phrase "collateral review," as used in section 2244(d)(2) refers to a judicial reexamination of a judgment or claim in a proceeding outside of the direct review process, including a motion seeking a discretionary sentence reduction. *Id.* at 551. In *Wall v. Kholi*, a prisoner filed a habeas corpus petition after the date his conviction became final on direct review. *Id.* at 550. However, in addition to taking a direct appeal, the prisoner filed a Rule 35 motion to reduce his sentence. *Id.* The Supreme Court found the petition was timely because the motion to reduce sentence triggered the tolling provision. *Id.* at 556. The Court reasoned that "not only is a motion to reduce sentence . . . 'collateral,' but it also undoubtedly calls for 'review' of the sentence. The decision to reduce a sentence, while largely within the discretion of the trial justice, involves judicial reexamination of the sentence to determine whether a more lenient sentence is proper." *Id.* at 555-56.

Here, the running of the statute of limitations was tolled until December 7, 2018, when the superior court issued the order denying Petitioner's motion to reduce his sentence. The fact that the California Court of Appeal directed the trial court to reexamine the issue

---

[1] Both parties agree that "under ordinary circumstances, the one-year limitations period would have expired . . . on September 25, 2019." (Doc. No. at 1-2.) However, as Petitioner argues and as addressed in this R&R, Respondent ignores very salient procedural facts which makes this case not ordinary.

further supports tolling in this case. The trial court's consideration of the discretionary sentence reduction was a judicial reexamination of a judgment, consistent with the Supreme Court's definition of "collateral review," and thus triggers the tolling provision of section 2244(d).

### 1. The December 7, 2018 Order Did Not Correct a Clerical Error.

Respondent contends that the California Court of Appeal ordered the superior court to issue a new minute order to "correct a clerical error on the abstract of judgment." (Doc. No. 4-1 at 2.) Generally, correcting a clerical error does not reset the statute of limitations. *Brownlee v. Rommoro*, No. 14-CV-1990-LJO-SAB(HC), 2015 WL 1013154, at *4 (E.D. Cal. March 6, 2015). However, judicial evaluation or change in judgment does toll the statute of limitations. *See Brumfield v. Cate*, No. C-09-4914-MHP, 2010 WL 2267504, at *2 (N.D. Cal. June 4, 2010). In California, a clerical error is one inadvertently made, whereas a judicial error is one made advertently in the exercise of judgment or discretion. *People v. Jack*, 213 Cal. App. 3d 913, 915 (1989); *In re Candelario*, 3 Cal.3d 702, 730 (1970).

For example, in *Brownlee v. Romorro*, the state trial court orally sentenced the defendant to seventeen years-to-life. No. 14-CV-1990-LJO-SAB(HC), 2015 WL 1013154, at *4 (E.D. Cal. March 6, 2015). However, the sentence was erroneously recorded as fifteen years-to-life. *Id.* The state court then issued an amended judgment correcting the error. *Id.* On habeas review, the district court found this to be clerical error, specifically noting that "[t]he trial court did not reconsider the correctness of the original sentence and independently decide to impose a seventeen years to life sentence. The trial court did not receive evidence or reopen any issue . . . [it] simply exercised its ability to correct a clerical error by amending the judgment." *Id.* Thus, the statute of limitations period was not reset by the entry of the amended judgment. *Id.* at *5.

Here, in contrast, the California Court of Appeal remanded the matter for resentencing, expressly "to allow the trial court to consider whether to *exercise its discretion* to strike the section 12022.53, subdivision (h) enhancement." (Doc. No. 5-11 at

7

126-27) (emphasis added). Indeed, the Court of Appeal's order modifying its original opinion is replete with references to "resentencing" and the trial court's exercise of its discretion to impose the firearms enhancement. Although the court also directed the trial court to "issue a new minute order and an amended abstract of judgment after such resentencing to reflect the correct consecutive two-year term imposed for count 2," (Doc. No. 6-1 at 7), this directive clearly was by far dwarfed by the court's discussion related to remanding the matter for resentencing to allow the trial court an opportunity to exercise its discretion with respect to the firearms enhancement. And although Respondent ignores all of this and disingenuously characterizes the trial court's subsequent action as simply correcting a clerical error, the Court of Appeal made clear the dual purpose of the remand: "The trial court is directed to issue a new minute order and an amended abstract of judgment after such resentencing to reflect the correct consecutive two-year term imposed for count 2 *and whether it strikes or dismisses, or imposes, the section 12022.53, subdivision (h) enhancement*." (*Id.* (emphasis added).)

Finally, the fact that the superior court received briefing, held a hearing, and heard argument prior to issuing the minute order demonstrates its exercise of judicial discretion and that the proceedings involved judicial evaluation and were substantive in nature. The record shows that the superior court exercised judgment in ordering that Petitioner's sentence was to remain unchanged after it considered whether the firearms enhancement should remain in force. Therefore, the superior court's December 7, 2018 sentencing order clearly cannot be said to be merely correcting a clerical error.

**B.     The Petition is Timely.**

This Court finds the California Court of Appeal's order to remand the matter for resentencing, and the superior court's subsequent consideration, is consistent with the Supreme Court's definition of "collateral review." Thus, the tolling provision of 28 U.S.C. § 2244(d) was triggered, and the statute of limitations began to run when the minute order was issued on December 7, 2018. Thus, the present petition is timely because it was filed on December 5, 2019—less than one year later.

## IV. Conclusion

Based on the foregoing, this Court RECOMMENDS that Respondent's motion to dismiss be DENIED.

This Report and Recommendation is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

IT IS ORDERED that **no later May 8, 2020**, any party to this action may file written objections with the Court and serve a copy on all parties. The document shall be captioned "Objections to Report and Recommendation."

IT IS FURTHER ORDERED that any reply to the objections shall be filed with the Court and served on all parties **no later than May 29, 2020**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED: April 8, 2020

_____
Hon. William V. Gallo
United States Magistrate Judge