UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL GONZALEZ,<br><br>　　　　　　　　Petitioner,<br><br>v.<br><br>RAYMOND MADDEN, Warden,<br><br>　　　　　　　　Respondent. | Case No.:  3:19-cv-02326-GPC-WVG<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[ECF Nos. 4, 7]** |

　　　Petitioner Daniel Gonzalez ("Petitioner") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 5, 2019.  ECF No. 1.  On January 24, 2020, Respondent filed a motion to dismiss asserting the petition is barred by the statute of limitations.   ECF No. 4-1 at 2[1].  On March 19, 2020, Petitioner filed a response in opposition.  ECF No. 6.  Before the Court is Magistrate Judge William V. Gallo's Report and Recommendation ("Report") recommending that this Court deny Respondent's

---

[1] Page numbers are based on the CM/ECF pagination.

1

motion to dismiss because the petition for writ of habeas corpus was timely filed. ECF No. 7. Magistrate Judge Gallo's order instructed that objections to the Report must be filed by May 8, 2020. *Id.* at 9. Neither party has filed objections to the Report. After a thorough review of the issues and for the reasons set forth below, this Court **ADOPTS** the Report and **DENIES** Respondent's motion to dismiss.

## I.    BACKGROUND

On June 18, 2015, a jury found Petitioner guilty of second-degree murder and assault with a deadly weapon – a firearm. ECF No. 1-3 at 14. The trial court sentenced Petitioner to a term of 40 years to life in prison plus seven years, including a 25-years-to-life "firearm enhancement" pursuant to California Penal Code § 12022.53. *Id.* at 69.

On October 11, 2017, the Governor signed Senate Bill No. 620, to be effective on January 1, 2018, which amended section 12022.53(h) to provide: "The court may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section. The authority provided by this subdivision applies to any resentencing that may occur pursuant to any other law." Cal. Penal Code § 12022.53(h); ECF No. 1-3 at 69.

Petitioner filed a direct appeal of his sentence with the California Court of Appeals. ECF No. 1-3 at 8. In most relevant part, Petitioner argued Senate Bill No. 620 should be applied retroactively to his nonfinal judgment and the matter remanded for resentencing for the trial court to exercise its discretion to strike or dismiss the 25-years-to-life "firearm enhancement" it originally imposed pursuant to the prior version of section 12022.53. ECF No. 1-3 at 67-8.

On March 28, 2018, the California Court of Appeals affirmed the judgments, including the trial court's imposition of the "firearm enhancement," and declined to order a remand for resentencing. *Id.* at 77. Although the court found the section 12022.53 amendment applied retroactively to all nonfinal judgments, it concluded "the record

clearly shows the court would not exercise its new discretion under Senate Bill No. 620 to strike or dismiss the section 12022.53 enhancement if we were to remand the matter for resentencing." *Id.* at 76-77.  On April 9, 2018, the Petitioner sought rehearing of the state court's decision, ECF No. 5-9, and on April 20, 2018, the rehearing petition was denied.  ECF No. 5-10.  Petitioner also sought review of the state appellate court's decision which was denied on June 27, 2018.  ECF Nos. 5-11, 5-12 ("Lodgment Nos. 11, 12").

On April 20, 2018, the California Court of Appeals issued an order titled "Order Modifying Opinion and Denying Rehearing Change in Judgment."  ECF No. 6-1 at 4-8.  In this order, the California Court of Appeals modified its prior March 28, 2018 opinion and remanded the matter for resentencing to allow the trial court to exercise its discretion to strike the "firearm enhancement" under the section 12022.53 amendment.  *Id.* at 5-7.  The court held that "the record does not clearly indicate the trial court would have declined to strike or dismiss the section 12022.53, subdivision (h) firearm enhancement if it had the discretion to do so at the time of Gonzalez's sentencing."  *Id.* at 4.  In accordance with the modified opinion, the superior court held a resentencing hearing.  Before the hearing, Petitioner filed a motion to dismiss the "firearm enhancement."  ECF No. 6-1 at 88.  Respondent filed a Statement in Aggravation.  *Id.* at 93.  On December 7, 2018, the superior court denied Petitioner's motion to reduce his sentence.  ECF No. 5-8 ("Lodgment No. 8").

On December 5, 2019, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court.  ECF No. 1.  On January 24, 2020, Respondent filed a motion to dismiss on the basis that the Petition was untimely filed.  ECF No. 4-1 at 2.  On March 19, 2020, Petitioner filed a response in opposition.  ECF No. 6.  On April 8, 2020, Magistrate Judge Gallo issued a Report recommending that this Court deny Respondent's

motion to dismiss because the petition for writ of habeas corpus was timely filed. ECF No. 7.

## II. DISCUSSION

### A. Legal Standard

Federal Rules of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district judge's duties in connection with a magistrate judge's report and recommendation. The district judge must "make a de novo determination of those portions of the report to which objection is made," and "may accept, reject, or modify, in whole or in part, the finding or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). But "[t]he statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (concluding that where no objections were filed, the district court had no obligation to review the magistrate judge's report). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Id.* "When no objections are filed, the de novo review is waived." *Marshall v. Astrue*, No. 08cv1735-MJL, 2010 WL 841252, at *1 (S.D. Cal. Mar. 10, 2010) (adopting report in its entirety without review because neither party filed objections to the report despite the opportunity to do so). Here, neither party has filed objections to the Report.

### B. Analysis

Petitioner argues that the statute of limitations began to run on December 7, 2018, when the superior court issued its order denying Petitioner's motion to reduce his sentence pursuant to the section 12022.53 amendment. ECF No. 6 at 2, 5. Respondent counters that the statute of limitations began to run on September 25, 2018, ninety days

4

after Petitioner's direct appeal matter was decided.  ECF No. 4-1 at 3; ECF No. 5-11; ECF No. 5-12.  The Magistrate Judge concluded that Petitioner is correct because the statute of limitations was tolled, and therefore, the petition was timely filed.  ECF No. 7.

### 1. 28 U.S.C. § 2244(d)(2)

28 U.S.C. § 2244(d) provides a one-year statute of limitations for state prisoners to file a writ of habeas corpus.  Here, the tolling provision in section § 2244(d)(2) is instructive:  "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

"Collateral review" in this section means "judicial review of a judgment in a proceeding that is not part of direct review."  *Wall v. Kholi*, 562 U.S. 545, 547 (2011).  "'Collateral review' of a judgment or claim means a judicial reexamination of a judgment or claim in a proceeding outside of the direct review process."  *Id.* at 553.  A motion to reduce sentence is "collateral" and involves "judicial reexamination of the sentence to determine whether a more lenient sentence is proper."  *Id.* at 555-6.

On March 28, 2018, the California Court of Appeals affirmed the trial court's judgments, including its imposition of the "firearm enhancement," and declined to order a remand for resentencing.  ECF No. 1-3 at 77.  Petitioner sought rehearing of the state court's decision, and this rehearing application was denied by the state appellate court.  ECF Nos. 5-9, 5-10.  He sought further review of the state appellate court's decision in the California State Supreme Court, and this was denied on June 27, 2018.  ECF Nos. 5-11, 5-12.  The one-year limitations period for seeking federal habeas review under 28 U.S.C. § 2244(d)(1) starts ninety days after the state court enters judgment.  *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).  Thus, the one-year statute of limitations would have begun on September 25, 2018, which was ninety days after Petitioner's direct

1  appeal matter was decided on June 27, 2018.  ECF No. 6 at 1; ECF No. 4-1 at 4.  In such
2  case, the limitations period would have expired on September 25, 2019.

3        However, on April 20, 2018, the California Court of Appeals issued an order titled
4  "Order Modifying Opinion and Denying Rehearing Change in Judgment."  ECF No. 6-1
5  at 4.  In this opinion, the California Court of Appeals remanded the matter for
6  resentencing Petitioner "to allow the trial court to consider whether to exercise its
7  discretion to strike the section 12022.53, subdivision (h) enhancement under section
8  1385."  *Id.* at 6-1 at 5.  It then directed the trial court to "issue a new minute order and an
9  amended abstract of judgment after such resentencing to reflect the correct consecutive
10 two-year term imposed for count 2 and whether it strikes or dismisses, or imposes, the
11 section 12022.53, subdivision (h) enhancement."  *Id*. at 7.

12       In accordance with this modified opinion, the superior court held a resentencing
13 hearing.  Before the hearing, on December 6, 2018, Petitioner filed a motion to dismiss
14 the "firearm enhancement."  ECF No. 6-1 at 88 ("Motion to Dismiss Section 12022.53
15 Firearm Enhancement Pursuant to Penal Code Section 1385").  Respondent filed a
16 Statement in Aggravation.  *Id.* at 93.  On December 7, 2018, the superior court denied
17 Petitioner's motion to reduce his sentence.  ECF No. 5-8.  The trial court's consideration
18 of the sentence reduction was a judicial reexamination of a judgment, consistent with the
19 definition of "collateral review" under *Wall v. Kholi*, 562 U.S. 545, 552 (2011), and thus
20 triggers the tolling provision of section 2244(d)."  ECF No. 7 at 7.

21       The Court agrees with the Report's conclusion that the one-year statute of
22 limitations began to run on December 7, 2018 when the superior court denied Petitioner's
23 motion to reduce his sentence.  ECF No. 5-8.  Since the tolling provision in section
24 2244(d)(2) applies here, Petitioner's ability to file a writ of habeas corpus would have
25 expired on December 7, 2019.  Accordingly, petition here is timely because it was filed
26 within the limitations period on December 5, 2019.  ECF No. 1.

27
28

### 2. Clerical Errors Distinguished

Respondent asserts the California Court of Appeals ordered the trial court to issue a new minute order to "correct a clerical error on the abstract of judgment" and therefore did not reset the statute of limitations.  ECF No. 4-1 at 4.  Petitioner counters that the court's April 20, 2018 order "was clearly an order to exercise the court's judicial discretion, or the Court of Appeal would have ordered the explicit manner in which the record was required to be modified, not provide the trial judge with various options for modification."  ECF No. 6 at 4.

The Ninth Circuit has explained that "an amendment to a criminal judgment that is merely correcting a clerical error does not restart the statute of limitations for filing a federal habeas petition."  *Brownlee v. Rommoro*, No. 1:14-CV-01990-LJO, 2015 WL 1013154 at *4 (E.D. Cal. Mar. 6, 2015) (citing *United States v. Greer*, 79 F. App'x 974, 975 (9th Cir. 2003)).  In *Brownlee*, the court held that a mismatch between a judge's oral pronouncement of a petitioner's sentence and the written judgment was a "clerical error."  *Id.*

Here, the California Court of Appeals did not merely seek to correct a clerical error in its April 20, 2018 order.  The order is titled "Order Modifying Opinion and Denying Rehearing *Change in Judgment*."  ECF No. 6-1 at 4 (emphasis added).  In its March 28, 2018 order, the court declined to order a remand for resentencing.  ECF No. 1-3 at 77.  However, in its modified order, the court remanded the matter for resentencing Petitioner "to allow the trial court to consider whether to exercise its discretion to strike the section 12022.53, subdivision (h) enhancement under section 1385."  *Id.* at 6-1 at 5.

Further, as Magistrate Judge Gallo reasoned, "the fact that the superior court received briefing, held a hearing, and heard argument prior to issuing the minute order demonstrates its exercise of judicial discretion and that the proceedings involved judicial evaluation and were substantive in nature."  ECF No. 7 at 8.

7

3:19-cv-02326-GPC-WVG

As neither party has timely filed objections to the Magistrate Judge's Report, the Court may adopt the Report on the basis that it is unopposed. *Reyna-Tapia*, 328 F.3d at 1121. Having reviewed the Report, the Court finds that the Report is thorough, well–reasoned, and contains no clear error.

### III.    CONCLUSION AND ORDER

For the reasons set forth above, the findings and conclusions of Magistrate Judge Gallo presented in the Report (ECF No. 7) are **ADOPTED** in their entirety, and Respondent's motion to dismiss (ECF No. 4) is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 27, 2020

Hon. Gonzalo P. Curiel
United States District Judge